Gaziano, J.
(dissenting, with whom Botsford and Lowy, JJ., join). These cases turn on the question whether the defendants possessed work tools with the intent to break into a building, in violation of G. L. c. 266, § 49. The court believes that the evidence, although suspicious enough to warrant a threshold inquiry, is insufficient to sustain a conviction for possession of bur-glarious instruments. In my view, the Commonwealth established the defendants’ intent to use these tools to break into one of the buildings on either side of the railroad tracks. Accordingly, I dissent.
The facts of the case, considered in the light most favorable to the Commonwealth, support a finding that the defendants intended to break into a nearby building on the night of their arrest. The police discovered the defendants, late at night, in the freezing cold, walking down railroad tracks that ran between two rows of commercial buildings. The defendants were in possession of a long “screwdriver/pry bar” and a crowbar, work tools suitable for breaking into a building.[1] They also carried implements that could be utilized to aid in a burglary (a flashlight and work gloves), and walkie-talkie radios tuned to the same channel, presumably to alert one another of potential witnesses. One of the defendants offered the police officers the implausible explanation that they were ‘“just out for a stroll.”
In most cases, evidence of an individual’s intent is not directly ascertainable, but must be inferred from surrounding facts and circumstances. Commonwealth v. Lewis, 465 Mass. 119, 125 (2013). The fact finder in this case did not have to look very far for evidence of the defendants’ intent to break into a building. The police found a hand-drawn map in Angier’s backpack.[2] It depicts an ‘“L”-shaped structure with multiple rooms, an arrow pointing to an entrance labeled ‘“Going in,” and multiple arrows leading to an area denoted by a series of ‘“X” marks. The map also includes a set of parallel lines corresponding to the railroad tracks.
The court concludes that the evidence was insufficient for two reasons. First, there was no evidence that the defendants had *712 veered off the railroad tracks, to the right or left, toward any of the commercial buildings. Second, the Commonwealth failed to connect the map to any “particular or nearby” building. I disagree.
The crime of possession of burglarious instruments is “complete when the tools [are] procured with a design to use them for a burglarious purpose.” Commonwealth v. Faust, 81 Mass. App. Ct. 498, 500 (2012), quoting Commonwealth v. Tivnon, 8 Gray 375, 380 (1857). Although an attempt to break into a particular building would be evidence of the defendants’ state of mind, it is not necessary to sustain a conviction. See Commonwealth v. Rousseau, 61 Mass. App. Ct. 144, 150-151 (2004) (evidence sufficient where defendants were found at 1 a.m. in closed State park that contained at least one building, while in possession of two screwdrivers, two sets of gloves, one ski mask, one radio, and one flashlight, although there was no evidence that defendants had attempted to break into any State park building).
I also would hold, for the reasons stated above, that the hand-drawn map supports an inference that the defendants intended to break into a building. The court recognizes that the Commonwealth is not required to prove the precise place that the defendants intended to burglarize. A commonsense view of the evidence, in accordance with the Latimore standard, leads to the conclusion that the crudely drawn map depicts a building, and the defendants intended to enter that structure at a certain location (i.e., the point marked “Going in”) and to follow the path designated by the arrows to the “X” marks. See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). Fact finders are not “required to divorce themselves of common sense, but rather should apply to facts which they find proven such reasonable inferences as are justified in light of their experience as to the natural inclinations of human beings” (citation omitted). Commonwealth v. Arias, 29 Mass. App. Ct. 613, 618 (1990).
For these reasons, I respectfully dissent.
*713 Appendix.

 The defendants left a sledgehammer behind in the back seat of their vehicle.

 A copy of the map is attached as an Appendix to this opinion.